**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEWIS,** : | CIVIL ACTION LAW |
| : | |
| **Plaintiff** : | |
| : | |
| vs. : | NO. CV-00-0436 |
| : | |
| **DOMINICK DEROSE, MARK** : | |
| **JESZENKA, MICHAEL HOHNEY,** : | (JUDGE RAMBO) |
| **ROBERT DRUM MR.SHOEMAKER:** | |
| **CARL GARVER and** : | (MAGISTRATE JUDGE SMYSER) |
| **DAUPHIN COUNTY** : | |
| **Defendants** : | |
| : | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS
OBJECTIONS TO MAGISTRATE JUDGE SMYSER"S
REPORT AND RECOMMENDATION**

**I.)   BACKGROUND**

On or about July 9, 2001 Magistrate Judge J. Andrew Smyser issued a 41-page Report and Recommendation after reviewing voluminous Briefs and Exhibits filed by the parties in respective support and opposition to defendants motion for summary judgement. Exhibits alone totaled over 1500 pages. The complaint was filed on March 7, 2000. Extensive discovery efforts ensued shortly thereafter. On April 17, 2000, the complaint against the defendant Robert Drum was withdrawn.

1

Defendants answered on May 8, 2000. On May 7, 2001, one year later, the defendants filed for summary judgement. Plaintiffs responded (after filing a motion to strike) and filed a brief in opposition to the motion for summary judgement on June 4, 2001 along with a counter statement of disputed material facts, affidavits, and other documents. With the consent of plaintiffs for an enlargement of time the defendants filed a brief in opposition to plaintiffs motion to strike and a reply brief with additional documents in support of their motion for summary judgement. After the Report and Recommendation was filed on June 9, 2001 the defendants filed objections to Judge Smyser's recommendations on June 23, 2001. This brief is in opposition to defendants objections.

**II.)   ISSUE**

Whether Magistrate Judge J. Andrew Smyser erred as a matter of law in recommending that Part of defendants motion for Summary Judgement be denied with respect to several retaliation claims in Count I of the Complaint?

Suggested Answer: No!

**III.)   ARGUMENT**

Defendants begin their brief with an issue framed as a general claim that Judge Smyser erred in his report with "respect to several of the retaliation claims asserted in Count I of the complaint." Defendants go on to imply that there was no

2

dispute as to certain of these matters but only cite to the record on 4 occasions. 3 of those cites are limited references to Warden DeRose's supplemental affidavit, all of which are disputed, the best evidence of which is that they appear in a reply brief. The only other reference to any point in the underlying record is to again refer to the same supplemental affidavit by Mr. DeRose about a prisoner who was brutalized at DCP and that was Deon Stafford. His sentence, particularly when it occurred, are not disputed. Nor is it relevant. The issue is that DeRose carries everything forward and punishes those who don't agree with everything he says. The defendants, in short, do not point out any undisputed material facts at all, but instead report some of the claims in their reply brief to plaintiff's brief, Counterstatement, affidavits, and exhibits filed in response to defendants' motion for summary judgement. The very law which defendants cite ie. <u>Bristow v. Clevenger</u> CV-00-0600, in which this Court cited <u>Wilson v. Horn</u> 971 F. Supp 943 C.E.D. Pa. 1997) for the proposition that to state a cognizable claim for retaliation prompted by the exercise of a constitutional protected right, "the must be in the form of concrete actions; verbal threats or abuse without more, will not suffice," is the best evidence in support of plaintiff's argument to deny these objections which are more of a motion in Limine if stripped of their title. If more than verbal threats are involved, we need only look to the record. See plaintiff's

3

Counterstatement of Material Facts. In paragraph after paragraph the defendants' actions which accompanied their threats, are pled. See paragraphs 36, 39, 42, 43, 44, 45, 46, 47, 48, 49, 54, 55, 57, 58, 59, 63, 65, 66, 68, 75, 77, 79, 86, 97, 105, 109, 118, 119, 120, 128, 130-133, (emphasis added). In every paragraph indicated above there is an averment of some action or taken by the defendants to injure the plaintiff. The amount of evidence is overwhelming. It is pervasive. To call plaintiffs description of the defendants actions, mere threat as, consistent with the holding in Bristow where the Court "relied on its prior decision in Graham v. Borough of Middletown CV-96-2194 (M.D. Pa. Jan 21, 1998)," defendants' brief at page 5, is simply over reaching. There is no reasonable way that the fact situation in Bristow which was totally different, can be compared to the facts in this case. In fact, given the comparison, if all that defendants can muster to argue against Judge Smyser's Report and Recommendation, is the law of the Bristow case, then that is a good argument for this court to accept the Report and deny the objections. There is no 1st Amendment claim in Bristow. It was a very simple, concise, retaliation claim based upon an underlying case that settled before any summary judgement was filed. The Bristow case, and its supporting precedents, do not remotely mirror the facts here. Although this court denied plaintiff's counsels request for an enlargement to raise objections, it is worthy of note that the

4

objections would have centered on the Magistrate Judge's recommendation that the frivilous computer tampering charges didn't fit the law (not Drum's duplicity). And while this Court may agree with the Recommendation in that regard, the facts surrounding the frivilous charges are quite revealing. The records weren't "prison records," in fact, they weren't records at all. They were not even "personal" records. They were the rough draft remains of hard copy documents which is the only way such records are kept at the prison. For this, conduct such that, if Lewis even did it (something he denies), and a jury agreed with him obviously, he was charged with a felony. Virtually every American who changed a computer document record that was not his own, could have their lives and reputations destroyed under this standard.

For these reasons, particularly because the record is replete with innumerable allegations and examples of the plaintiffs reporting and complaining about improper, unlawful activities at the prison (see Counterstatement of Facts) and for which he was overzealously harassed, intimidated, punished, and retaliated against the holding and law of Watters v. City of Philadelphia, 55 F.3d 882 (3d Cir. 1997) and Green v. Philadelphia Housing Authority, 105 F. 3d 882 (3d Cir 1997) are met? Clearly the speech was public interest and protected. The defendants don't even raise that issue. Clearly the speech was a motivating factor

in the retaliation (implicitly the defendants, at least arguably, admit this in their <u>Bristow</u> argument), and clearly the actions taken by the defendants were retaliatory, as Judge Smyser found.

**WHEREFORE** the defendants objections should be **DENIED**.

Respectfully Submitted,

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

6

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this 20th day of August 2001, I served a true and correct copy of the foregoing **Brief In Opposition to Defendants Objections to Magistrate Judge Smyser's Report and Recommendation** via U.S. First Class Mail, postage prepaid, as follows:

LAVERY, FAHERTY, YOUNG &
PATTERSON, P.C.
Frank Lavery, Esquire
P.O. Box 1245
Harrisburg, Pa 17108-1245

_____
Don Bailey, Esquire