2to ct

ORIGINAL

10/15/01

FILED
HARRISBURG

OCT 1 2 2001

MARY E. D'ANDREA, CLERK
Per ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| | : | |
| v. | : | NO. CV 00-0436 |
| | : | |
| DOMINICK DEROSE, MARK JESZENKA, MICHAEL HOHNEY, ROBERT DRUM, MR. SHOEMAKER CARL GARVER, and DAUPHIN COUNTY, Defendants | : | JUDGE RAMBO |
| | : | |
| | : | MAGISTRATE JUDGE SMYSER |
| | : | |
| | : | JURY TRIAL DEMANDED |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION

# I. ARGUMENT

## A. DEFENDANTS' MOTION FOR RECONSIDERATION WAS TIMELY FILED IN ACCORDANCE WITH RULE 6(a), FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 7.10.

As a threshold matter, Plaintiff asserts that Defendant's Motion for Reconsideration was not timely filed. Local Rule 7.10 governs Motions for

Reconsideration or Re-argument and provides that "[a]ny motion for reconsideration or re-argument shall be filed within ten (10) days after the entry of the judgment, order, or decree concerned." Rule 6(a), Federal Rules of Civil Procedure governs the computation of any period of time prescribed by the Local Rules of any district court and provides in pertinent part that: "When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Rule 6(a) also recognizes Labor Day as a "legal holiday," which is excluded in the computation of time.

In this case, by order dated August 24, 2001, this Honorable Court rejected Defendants' objections to the July 9, 2001 report of Magistrate Judge Smyser. Defendants filed a Motion for Reconsideration of the August 24, 2001 Order on September 10, 2001. Excluding intervening Saturdays and Sundays (August 25 and 26, 2001; September 1, 2, 8, and 9, 2001) and legal holidays (Labor Day – September 3, 2001), Defendants' Motion for Reconsideration was filed on the tenth business day following the entry of this Honorable Court's August 24, 2001 Order. Clearly, Defendants complied with the requirements of Local Rule 7.10 and Plaintiff's arguments to the contrary are fatuous.

B. THERE ARE NO FACTS OF RECORD ESTABLISHING COGNIZABLE FIRST AMENDMENT CLAIMS AND, CONSEQUENTLY THERE ARE NO FACTS OF RECORD INCONSISTENT WITH THE INDIVIDUAL DEFENDANTS' GOOD FAITH, QUALIFIED IMMUNITY FROM LIABILITY UNDER FEDERAL LAW.

In paragraph eight (8) of their Motion for Summary Judgment, the individual Defendants asserted that there were no genuine issues of material fact and that they are entitled to summary judgment as a matter of law on Plaintiff's claims for deprivation of his First and Fourteenth Amendment rights as asserted in Count I of the Complaint. In paragraph twelve (12) of the dispositive motion, the individual defendants asserted that they were entitled to summary judgment as a matter of law because there were no facts of record that were inconsistent with their good faith, qualified immunity from liability under federal law. In paragraph nine (9) of the dispositive motion, Defendant, Dauphin County, argued that there were no genuine issues of material fact and it was entitled to summary judgment as a matter of law on Plaintiff's §1983 municipal liability claim as asserted in Count I of the Complaint.

The United States Supreme Court has noted that qualified immunity questions should be resolved at the earliest possible stage of the litigation.

Anderson v. Creighton, 483 U.S. 635, 646 n.2 (1987). A threshold inquiry in the qualified immunity analysis is "the determination of whether the plaintiff has asserted a violation of a constitutional right at all." D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d Cir. 1992); quoting Seigert v. Gilley, 500 U.S. 226, 232 (1991).

In their brief in support of the Motion for Reconsideration, Defendants cited this Honorable Court's decision in Bristow v. Clevenger, Civil Action No. 1:CV-00-0600 (Rambo, J., January 8, 2001), which held that to state a cognizable claim for retaliation prompted by the exercise of a constitutionally protected right, "the retaliation must be in the form of concrete actions, verbal threats, or abuse, without more will not suffice." See also, Wilson v. Horn, 971 F.Supp. 943, 948 (E.D.Pa. 1997), aff'd 142 F.3d 430 (3d Cir. 1988). Defendants also argued consistent with this Honorable Court's ruling in Bristow, that as a matter of law, the remaining claims of retaliation (include the verbal threats allegedly made by Defendant Hohney during the April 2, 1999 crab cake incident and Defendant Shoemaker's alleged threats during the subsequent investigation) do not constitute "concrete actions" which form the basis of a cognizable claim for retaliation. Moreover, Defendants contended that Plaintiff does not have a

constitutional right to have disciplinary action taken against Defendant Hohney as a result of the crab cake incident. Since these claims of alleged retaliation do not rise to the level of a violation of a constitutional right, the individual Defendants are immune from suit on those claims. In their brief in support of the dispositive motion, the individual Defendants asserted that there were no facts of record inconsistent with their good faith, qualified immunity and that they were entitled to summary judgment as a matter of law on Plaintiff's claims of retaliation. Consequently, this Honorable Court should have sustained Defendants' objectiosn to Magistrate Smyser's Report and Recommendation on the remaining claims of retaliations.

In his brief in opposition to Defendants' Motion for Reconsideration, Plaintiff does not offer any legal and/or factual basis for distinguishing the holdings in Bristow and Wilson v. Horn, supra., from the circumstances presented in this case. Since the facts of record do not establish a violation of Plaintiff's constitutional rights, the Defendants are immune from liability on the remaining claims of retaliation. See, D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.3d 1364 (3d Cir. 1992); quoting Seigert v. Gilley, 500 U.S. 226, 232 (1991). Plaintiff has not cited any case

law to the contrary, nor has he attempted to distinguish the holdings in Seigert and/or Middle Bucks Area, supra. Since there are no facts of record establishing a "violation of a constitutional right at all" and since qualified immunity questions should be resolved at the earliest possible stage of the litigation, the individual Defendants respectfully request that this Honorable Court grant their Motion for Reconsideration.

Moreover, the individual Defendants assert that reconsideration of the August 24, 2001 Order is consistent with the objectives of Rule 1, Federal Rules of Civil Procedure, which is to "secure the just, speedy, and inexpensive determination of every action." In this case, this Honorable Court has already dismissed the three incidents where Plaintiff claimed concrete acts of retaliation finding that Plaintiff had failed to plead and prove any cognizable First Amendment claim. As a matter of law, the alleged threats made during and subsequent to the crab cake incident do not rise to the level of a constitutional violation. Those claims of retaliation would not survive a Rule 50 motion at the conclusion of Plaintiff's case in chief. Granting Defendants' Motion for Reconsideration on the qualified immunity issue would promote judicial economy; conserve scarce judicial resources, including civil jury time; and spare the parties from incurring

unnecessary expenditures of time and resources on claims which do not rise to the level of a cognizable constitutional claim. Consequently, this is an appropriate case for reconsideration and Defendants assert that this Honorable Court should reject that portion of Magistrate Smyser's Report denying, in part, Defendants' dispositive motion.

C. DEFENDANTS' MOTION FOR RECONSIDERATION MUST BE GRANTED WITH RESPECT TO THE RETALIATION CLAIM ARISING OUT OF THE REINSTATEMENT OF PLAINTIFF'S BENEFITS BECAUSE THE CLAIMS ARE BARRED BY THE RELEASE PREVIOUSLY EXECUTED BY THE PLAINTIFF.

As noted above, in paragraphs eight and nine of their dispositive motion, Defendants asserted that there were no genuine issues of material fact and Defendants were entitled to summary judgment as a matter of law on Plaintiff's retaliation claims asserted in Count I of the Complaint. In paragraphs 47 through 49 of their Concise Statement of Undisputed Material Facts (predicated upon paragraphs 31 through 33 and Exhibit "E" of Warden DeRose's Affidavit), Defendants addressed Plaintiff's claims arising out of the handling of his benefits following Plaintiff's return to employment at the prison. In their reply brief in support of the Motion for Summary Judgment, Defendants asserted that any and all matters raised in

grievance No. 59597 (regarding calculation of Plaintiff's entitlement to back pay and reinstatement of Plaintiff's medical benefits), were resolved and Plaintiff had executed the Settlement Agreement (Exhibit "E" to Warden DeRose's Affidavit). Clearly, the issues of back pay and benefits owed Plaintiff were matters raised in grievance No. 59597 and were also matters settled and resolved in the Release Agreement. Therefore, the Settlement Agreement precludes Plaintiff from pursuing claims, including those for alleged retaliation arising out of these matters. Consequently, the Court erred as a matter of law in finding that the back pay and reinstatement of benefits issues were not addressed in Defendants' dispositive motion and supporting documents.

In his brief in opposition to Defendants' Motion for Reconsideration, Plaintiff offers a tortured reading of the Settlement Agreement in support of his position that he has not waived any claims arising out of the calculation of his entitlement to back pay and/or reinstatement of insurance coverages. It is important to know that paragraph 14 of the Agreement indicates that "It does not constitute a waiver of any other claims or causes of action in underlying other claims or causes of action asserted by the grievant" in this lawsuit. Contrary to Plaintiff's counsel's

mischaracterization of their position, Defendants have not asserted the Settlement Agreement operates as a complete bar to any claims or causes of actions asserted in the federal civil rights lawsuit. To the contrary, the Settlement Agreement was not a general release, rather it simply precluded Plaintiff from pursuing claims, including those for alleged retaliation, arising out of the matters raised in grievance No. 59597 (calculation of back pay and reinstatement of fringe benefits). Consequently, this Honorable Court should reconsider its August 24, 2001 Order and grant Defendants' Motion for Summary Judgment on the claims arising out of the calculation of Plaintiff's back pay and the reinstatement of his medical coverages.

D. DEFENDANT, DAUPHIN COUNTY'S MOTION FOR RECONSIDERATION MUST BE GRANTED BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DAUPHIN COUNTY IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW ON THE §1983 MUNICIPAL LIABILITY CLAIMS ASSERTED AGAINST IT.

In the dispositive motion and supporting brief, and again in the Motion for Reconsideration and supporting brief, Defendant, Dauphin County, asserted that since there was no violation of Plaintiff's federally protected rights by any County employee, there was no basis for imposing §1983 liability against the County. In support of that position, Defendant,

Dauphin County, cited City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam); Williams v. Borough of West Chester, 892 F.2d 453 (3d Cir. 1989). Since the actions of the individual Defendants on the remaining claims of retaliation did not rise to the level of a constitutional violation, the §1983 claim against Dauphin County fails as a matter of law.

In his brief in opposition to Defendants' Motion for Reconsideration, Plaintiff does not cite any contrary case law nor assert a legal and/or factual basis to distinguish this case from the holdings in Heller and Borough of West Chester. Consequently, this Honorable Court must grant Defendant, Dauphin County's Motion for Reconsideration and grant summary judgment in favor of the County and against the Plaintiff on the remaining retaliation claims asserted in Count I of the Complaint.

## II. CONCLUSION

For the reasons advanced herein, Defendants respectfully request that this Honorable Court grant their Motion for Reconsideration and grant Defendants' Motion for Summary Judgment on all of the remaining claims of retaliation.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: ______________________________
Frank J. Lavery, Jr., Esquire
Atty No. 42370
James D. Young, Esquire
Atty No. 53904
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE: 10/12/01

CERTIFICATE OF SERVICE

I, Kelly A. Guyer, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 12th day of October, 2001, I served a true and correct copy of the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION via U.S. First Class mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA 17110

Kelly A. Guyer