ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEWIS )<br>)<br>Plaintiff )<br>)<br>VS. )<br>)<br>DOMINICK DE ROSE, )<br>MARK JESZENKA, )<br>MICHAEL HOHNEY, ROBERT )<br>DRUM, MR. SHOEMAKER )<br>CARL GARVER, AND DAUPHIN )<br>COUNTY, )<br>) | CIVIL ACTION LAW<br><br>No. 1:CV-00-0436<br><br>(Judge Rambo)<br><br>JURY TRIAL DEMANDED |



## PLAINTIFFS REVISED BRIEF ON THE SUMMARY DISMISSAL OF HIS 4TH AMENDMENT CLAIM

**I.)  Background**

Trial was scheduled for February 4, 2002. The court by stipulation of the parties has permitted certain re-arguments. Plaintiff has been permitted to reargue his 4th Amendment malicious prosecution and a related 1st Amendment claim, which were recommended for dismissal by the magistrate judge. The Court upheld the Magistrate's recommendation. This brief is confined to whether the issue of the charges for misuse of a computer levied at plaintiff (for which he was totally exonerated) make him a victim of a malicious prosecution pursuant to §1983.

1

### Factual History

Plaintiff incorporates by reference his Brief in Opposition to Defendants' Summary Judgment motion, his "Counterstatement of Undisputed Material Facts and Appendix of Exhibits. Reference will be made to the relevant portions of these documents (including defendants exhibits where applicable). Specifically, paragraphs 122-180 of defendants Concise Statement of Undisputed Material Facts and paragraphs 122-180 of Plaintiffs Counterstatement are incorporated here. The following facts are not disputed.

1.) The document allegedly deleted by Lewis was a word processing rough draft done by Mr. Jeszenka (there had been many).

2.) This draft had been reduced to hard copy and filed as per prison practice and procedure well before Lewis allegedly deleted it.

3.) The Computer did not contain prison records or any prison data bank nor was part of any prison data bank.

4.) The computer could not be used to access prison records.

5.) Jeszenka testified that the only effect of deleting the file (assuming Lewis did it, which he denies) was to, "piss him off" - see Plaintiff's Counterstatement at paragraph 130-133 replete with references to Jeszenka's, Carroll's and Ms. Kelly's depositions.

6.) Jeszenka's keeping of the draft on an unsecured computer was a violation of prison policy according to deputy warden Carroll.

7.) The document allegedly deleted was indexed on the computer under the name "Lewis".

The relevant statute under which Lewis was charged was 18 Pa.C.S.A. §3933. The defendants chose to charge Lewis under §3933 (a)(1) which is more specifically paraphrased as the "unlawful use of computer - destroy data" provisions. So Lewis was charged with 2 felonies. The trial court, openly offended by the seriousness of the charges, reduced them) to a misdemeanor (a)(2) level which is described as "interference with a computer program or computer data." There is simply no way that the requirements of this law could have been met by Lewis deleting a rough draft. At most Jeszenka says it was an inconvenience. So assuming Lewis deleted the draft, which for purposes of reviewing the underlying facts in the criminal case we must interpret in favor of the Commonwealth, there is simply no violation of the requirements of the statute. It is openly admitted, and it is known to defendants, that the Jeszenka word processing draft of his one page write up on Lewis is not, nor ever was a prison record or part of any data bank. It wasn't even proper for Jeszenka to be doing his draft preparation for the one page hard copy complaint prison procedures required on an insecure computer available to everyone who walked in and out of the

3

office. In fact he could have hand written it. Most copies are. Not only Jeszenka, but Deputy Warden Carroll and assistant Warden Kelly admit that Jeszenka draft was not prison records or part of a data system. Further, they were under the directory name "Lewis". They were not filed at all - to use the word "file" because its in a computer directory, is terribly misleading. There is no database. The draft was not part of a computer program. It was not software. It was not a prison software. It was not a prison record. It was not even identifiable as Jeszenka's. It was just a word processing draft that had been finished and was (in clear violation of prison policy and requirements) left on a computer and it was highly offensive to Lewis and violated his rights to boot. For this he was charged with 2 felonies that took a jury less than 15 minutes to dispose of. 18 Pa.C.S.A. 3933 was never meant for, and does not reach, the actions Lewis was charged with. This is a serious law designed to prevent computer fraud, abuse, and prevent damage to the need for computer databases and security by organization and businesses. In fact, Lewis has not only made out a 4th Amendment violation here for the misuse of this law, but he has made out a 1st Amendment retaliation claim as well, because this was a poorly disguise retaliation scheme designed to quash Lewis for complaining. For a review of the standards, purposes, and purpose of 18 Pa.C.S.A. 3933 the Court is asked to review <u>Com. v. Sebring</u>, 1996 WL 943781, 34 Pa. D & C 4th 79 at page 80 under the heading

4

discussion. For a review by Pennsylvania appellate Courts see <u>Commonwealth v. Gerulis</u>, 420 Pa.Super, 266, 616 A2d 686. (See particularly pages 274-275 of the Superior Court opinion and pages 690-691 of the A.2d cite) and see <u>Commonwealth v. Murgallis</u>, 753 A.2d 870. While these cases describe the components of the law, they deal with egregious misconduct for those who intentionally seek to harm an organization and its purposes. That's not the case here. If Lewis did what he is alleged to have done its equal to walking by a desk or table, where, sitting out in the open and available to everyone, he sees a copy of a rough draft that someone left carelessly by laying about, that was a simple piece of paper containing personal information about him, that had already been put in final form, and filed as prison records require. If he crumpled it up and threw it in a waste basket, could, or would, this Court find him responsible for disrupting this data base of the prison, and demonstrating an intent to undermine the organization? Probably, not. But that's what happened here. By reviewing the respective "Statement of Material Facts" it is abundantly clear that Lewis did no damage to the prison or its files or its database, because there records weren't part of any such thing. Arguably, he had a right to delete the draft (calling it a "file" is simply creating an illusion that no one is questioning). If Mr. Lewis did what he was accused of doing he did not violate the intent, spirit, or letter of 18 Pa.C.S.A. 1399(a)(1) or (2) and there was clearly no

probably cause to charge and prosecute him. Even Garner (the affiant) admits he never even talked to Mr. Drum, who said he thought (but didn't see) Lewis delete the draft. That speaks loudly as to how serious the investigation was, and to its ulterior purposes.

This Court is respectfully asked to review the statute and its meaning and wording and purpose and compare that with the facts here. The criminal case was not brought in good faith and was not based on the law. Probable cause was plainly lacking, and this prosecution was done to hurt and injure.

**WHEREFORE** this court is respectfully requested to review the above, vacate its previous decision, and reinstate plaintiffs 4th, and 1st Amendment claims regarding the alleged computer incident.

Respectfully Submitted,

Don Bailey PAID#23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500