2 TO GT W/ PROPO

ORIGINAL



FILED
APR 0 4 2002
PER JW
HARRISBURG, PA  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS,<br>          Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | NO. CV 00-0436 |
| DOMINICK DEROSE, MARK<br>JESZENKA, MICHAEL HOHNEY,<br>ROBERT DRUM, MR. SHOEMAKER<br>CARL GARVER, and<br>DAUPHIN COUNTY, | : | JUDGE RAMBO<br><br>MAGISTRATE JUDGE SMYSER |
|           Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANTS' RENEWED MOTION
## FOR SUMMARY JUDGMENT

AND NOW, come Defendants, by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., and file this Renewed Motion for Summary Judgment and in support thereof, aver as follows:

1. Plaintiff, Christopher Lewis, initiated this civil action by filing a Complaint, containing three counts on March 7, 2000 which was assigned to Magistrate Judge Smyser for pretrial proceedings.

2. The Defendants named in the Complaint are: (1) Dominick DeRose, Warden of the Dauphin County Prison (DCP); (2) Mark Jeszenka, an officer at DCP; (3) Mike Hohney, a supervisor at DCP; (4) Robert Drum, a correctional officer at DCP; (5) Robert Shumaker, a detective for Dauphin County; (6) Carl Garver, a detective for Dauphin County; and (7) Dauphin County.

3. In Count I of the Complaint, Plaintiff asserted that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, violated the Plaintiff's First and Fourteenth Amendment rights by retaliating against him for speaking out regarding alleged abuse of inmates and other wrongdoing at DCP. Count II is a Fourth Amendment malicious prosecution claim against Defendants Garver, DeRose, Drum and Jeszenka. Count III is a state law assault claim against Defendant Hohney.

4. On July 9, 2001, Magistrate Judge Smyser issued a report recommending that Defendant Hohney be granted summary judgment on the assault claim against him; that Defendants, Garver, DeRose and Jeszenka,

2

be granted summary judgment on the Fourth Amendment malicious prosecution claim; and that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, be granted summary judgment on Plaintiff's retaliation claims regarding the March, 1999 disciplinary report; the criminal charges stemming from the July 7, 1999 computer incident; and the February 10, 2000 disciplinary report.

5. In his July 9, 2001 report, Magistrate Judge Smyser further recommended that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, not be granted summary judgment on the Plaintiff's retaliation claims regarding the refusal to take any disciplinary action against Defendant Hohney for an incident on April 2, 1999; an incident during the investigation of the April 2, 1999 incident, where Plaintiff was allegedly threatened not to complain and not to report abuse or else he would lose his job; the alleged refusal to pay the Plaintiff back pay and reinstate the Plaintiff's medical coverage if the Plaintiff was acquitted of the criminal charges; and the alleged physical threat by Defendant Hohney.

6. On July 23, 2001, Defendants filed objections to the portion of Magistrate Judge Smyser's Report and Recommendation denying in part, Defendant's Motion for Summary Judgment. By Order dated August 24,

2001, this Honorable Court overruled Defendants' objections to the Magistrate Judge's Report and Recommendation.

7.   On September 10, 2001, Defendants filed a timely Motion for Reconsideration to this Honorable Court's August 24, 2001 Order overruling Defendants' objections. By Order dated October 18, 2001, this Honorable Court denied Defendants' Motion for Reconsideration.

8.   Following a pretrial conference on February 1, 2002, this Honorable Court ordered that the parties are permitted to file renewed motions for summary judgment by April 4, 2002.

9.   Pursuant to Rule 56(c), summary judgment is appropriate when there are no genuine issues of material fact and the moving defendant is entitled to a judgment as a matter of law.

10.   There are no genuine issues of material fact and Defendants are entitled to summary judgment as a matter of law on Plaintiff's retaliation claim arising out of the alleged refusal to pay the Plaintiff back pay and reinstate Plaintiff's medical benefits following his acquittal on the underlying criminal charges.

11.   There are no genuine issues of material fact that Defendants are entitled to summary judgment as a matter of law on Plaintiff's retaliation

claim arising out of the failure to take any disciplinary action against Defendant Hohney for the April 2, 1999 crab cake incident.

12. There are no genuine issues of material fact and Defendants are entitled to summary judgment as a matter of law on Plaintiff's retaliation claim arising out of Defendant Shumaker's alleged comment to Plaintiff, during the investigation of the April 2, 1999 incident, that Plaintiff should not complain nor report abuse or else he would lose his job.

13. There are no genuine issues of material fact and Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims arising out of the physical threat allegedly made by Defendant Hohney during the April 2, 1999 crab cake incident.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Renewed Motion for Summary Judgment and enter judgment in favor of the Defendants and against the Plaintiff on all of the remaining claims in Count I of Plaintiff's Complaint.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE: 4/4/02