ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS | : | CIVIL ACTION LAW |
| Plaintiff | : | |
| vs. | : | FILED HARRISBURG, PA |
| | : | APR 29 2002 |
| DOMINICK DEROSE, MARK | : | NO. CV-00-0436 |
| JESZENKA, MICHAEL HOHNEY, | : | (JUDGE RAMBO) |
| ROBERT DRUM, | : | MARY E. D'ANDREA, CLERK |
| MR. SHOEMAKER, CARL | : | Deputy Clerk |
| GARVER AND DAUPHIN | : | |
| COUNTY, | : | JURY TRIAL DEMANDED |

**PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANTS
RENEWED MOTION FOR SUMMARY JUDGMENT**

I.) **Background**

A.) **Procedural History**

Defendants' procedural history seems, at least calendar wise, to be accurate, and to that extent is incorporated herein. Factually, plaintiff would emphasize that in addition to plaintiff's remaining claims, excluding plaintiff's claims of retaliation in the form of withholding pay and medical benefits, was the withholding dental benefits which plaintiff alleges, caused plaintiff significant damage.

1

## II.) <u>Issues</u>

1.) Should plaintiffs remaining Count I claims be dismissed?

Suggested Answer No.

## III.) <u>Argument</u>

The District Court, after reviewing Magistrate Smyser's Report and Recommendation (July 9, 2001) dismissed Counts II and III of plaintiff's complaint. Defendants have now renewed their motion for summary judgment seeking the dismissal of the remaining Count I claims for retaliation. The Report recommended that the retaliation claim against defendants regarding speaking out, refusing to discipline Hohney, and a threat by Hohney (selective discipline), retaliation for the denial of back pay and benefits he kept in the case. Thus, essentially 3 litagable matters remain at this point. They are all essentially retaliation claims focusing on Lewis as someone who spoke out on matters of public concern. The first regards incidents regarding Mr. Hohney and threats he made to Mr. Lewis, the second involves threats he made to Mr. Lewis, the second involves threats made to Mr. Lewis about speaking out, and the third involves retaliation exercised against Lewis to squeeze him financially ie. withholding pay and benefits ostensible because he spoke out. To plaintiff all of these events were tied to what a jury could easily infer was preventing Lewis from speaking out. Get Lewis because he spoke out. Stop him, or helped him. Use him to set an example. And

punish anyone who associated or spoke with him.

At this point plaintiff incorporates by reference his Counterstatement of Undisputed Material Facts and Appendix of Exhibits filed on June 4, 2001 in opposition to defendants' initial motion for summary judgment. Plaintiff also incorporates defendants' Concise Statement of Material Facts and exhibits..

Defendants' standard of review, as set forth on pages 4-6 of their brief, is also incorporated herein. If so, ie. if that standard is correct, factual matters in dispute before the latest motion was filed, remain. Nothing has changed except the arguments defendant makes as to law.

See Counterstatement at paragraphs 32, 27, 42, 43, and 44. Specifically see paragraph 47. The issue on back pay was used to harass Lewis because he had won acquittal and because he had filed this very lawsuit. That is precisely why the language quoted from the settlement papers of Grievance 59597 at pages 27-28 of defendants' brief mentions this lawsuit. Originally the agreement did not contain this language and the defendants' plan was to use financial pressure (and their Union management friends) to force Lewis to a settlement and get rid of this suit. Present counsel couldn't represent him on the grievance, only the Union could. Counsel did advise him and only after counsel in this matter "raised hell" with opposing counsel in this matter, did the subject language came in. There is no better evidence of retaliation anywhere in this

3

lawsuit. Indeed all the incidents referred to by defendants as being kept in Count I, for which they seek dismissal, relate to a history of abusive management by defendants who punish anyone who speaks out. Any jury could reasonably conclude that Lewis was victimized for speaking out. The evidence of mistreating him, and others is pervasive in this regard. It is ironic that in their intimal motion the defendants largely depended upon this very Court's opinion in <u>Bristow v. Clevenger</u> Civil Action No. 1:CV-00-0600 (Rambo J. January 8, 2001). But in an unreported opinion argued on December 11, 2001 the Third Circuit Court of Appeals reversed the trial court. See Exhibit "A" hereto. The significance of the Third Circuit decision might be far more cogent here than in the <u>Bristow</u> case itself. There, the District Court could hardly be criticized for dismissing <u>Bristow</u>. The complaint was admittedly very poorly drafted and the Court did not have the benefit of much relevant information because the previous case settled. Admittedly as counsel for plaintiff in the <u>Bristow</u> cases, there is simply no reasonable way to fault the District Court for its decision there as the Third Circuit clearly stated. Based on the facts of Bristow the District Court acted quite fairly. But the Third Circuit addressed different concerns when it wrote its opinion. Citing <u>California Motors Transport Co v. Trucking Unlimited</u>, 404 U.S. 508 (1972) and <u>Brown v. Grabowski,</u> 922 F.2d 1097 (3d Cir 1990) the appeals court pointed out that the level or act of retaliation for exercising constitutional rights need not arise to a

4

constitutional level itself (see Exhibit "A" slip opinion pages 4-5).

**WHEREFORE** defendants renewed motion for summary judgment should be **DENIED**.

RESPECTFULLY SUBMITTED,

*(signature)*

Don Bailey, Esquire
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9600 (FAX)

# CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that a true and correct copy of the **DOCUMENT** was served upon the individual named below by first class mail, postage pre-paid:

FRANK LAVERY ESQ.
JAMES D. YOUNG ESQ.
301 MARKET STREET
SUITE 800
P.O. BOX 1245
HARRISBURG, PA 17108-1245

Don Bailey Esquire

April 29, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1162

JOANN BRISTOW
Appellant

v.

JACOB C. CLEVENGER AND
SPRING GARDEN TOWNSHIP

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. No. 00-cv-600
District Judge: The Honorable Sylvia H. Rambo

Argued: December 11, 2001

Before: BARRY, ALDISERT, Circuit Judges, and FULLAM,* District Judge

JUDGMENT

---

*The Honorable John P. Fullam, Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

This cause came to be considered on the record from the United States District

Exhibit "A"

James D. Young, Esquire
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1234

*Counsel for Appellees*

## OPINION OF THE COURT

FULLAM, <u>District Judge</u>

    This is an appeal from an Order of the District Court which, invoking Federal Rule of Civil Procedure 12(b)(6), dismissed plaintiff-appellant's complaint without leave to amend. We have jurisdiction under 28 U.S.C. §1291. The defendants in the District Court were Jacob C. Clevenger, a Township police officer who was formerly married to appellant Joann Bristow, and Mr. Clevenger's employer, Spring Garden Township. Plaintiff-appellant alleged that Mr. Clevenger was guilty of "stalking" her, and engaging in other forms of harassment against her, in retaliation for her having successfully sued him in an earlier civil rights action. She alleged that Mr. Clevenger acted in his capacity as a police officer, while on duty and in uniform. She alleged that Spring Garden Township failed to supervise Mr. Clevenger or control his activities, pursuant to a longstanding practice of allowing him free rein in the township.

    The complaint asserts violations of various constitutional provisions - the First,

Fourth, and Fourteenth Amendments are mentioned - and also refers to various tort claims under state law, including intentional infliction of emotional distress.

In dismissing the complaint, the District Court appears to have construed the pleading as attempting to assert a substantive due process claim under the Fourteenth Amendment. Since the nine specific instances of harassment alleged in the complaint did not disclose "concrete actions," but merely "verbal threats or abuse" and "being followed and exposed to unpleasant facial expression," the court ruled that the complaint did not state a valid substantive due process claim. The court then concluded:

> "The court finds that the complaint fails to allege a federal cause of action. The state law claims will not be addressed, and the complaint will be dismissed." (A-12)

In reviewing the propriety of a Rule 12(b)(6) dismissal, we are required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Nami v. Fauver*, 82 F.3d, 63, 65 (3d Cir. 1996). Dismissal cannot be upheld "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff is required to allege facts which adequately support the claims asserted, but need not recite all of the evidence which will be produced to establish these facts. "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiff's cause of action." *Nami*, 82 F.3d 63, 65.

3

The complaint in this case appears to have been thrown together in some haste, and does not reflect careful analysis. It is perhaps understandable that the district judge gave it short shrift. The complaint refers, indiscriminately, to plaintiff's "rights under the Fourteenth Amendment due process clause to be free of unlawful retaliation against her for successfully suing Jacob Clevenger"; her "First Amendment right to travel about freely and go to work"; and her "Fourth Amendment right not to suffer extreme harassment by stalking by a state official, and unlawful seizures." The complaint then lists nine separate instances of alleged stalking, and alleges that they caused such things as plaintiff's "shaking with fear," being "badly shaken," and being "filled with fear." After demanding "judgment of the defendants jointly and severally for emotional distress and for the deprivation of [constitutional rights]," the complaint also demands judgment "for harassment, stalking, invasion of privacy, intimidation, official oppression and the intentional infliction of emotional distress as supplemental state claims."

The District Court was plainly correct in dismissing the complaint to the extent that it asserted a "First Amendment right to travel about freely and go to work", and a Fourth Amendment claim; the facts alleged in the complaint cannot be reasonably interpreted as establishing any such constitutional violations. But dismissal of the retaliation claim cannot, in our view, properly be upheld. The right of access to the courts is protected by the First Amendment, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir.

4

1990). And retaliation for exercising a constitutionally protected right is, in itself, a violation of constitutional rights; the retaliation need not be physical in nature, or rise to the level of a substantive due process violation. *See, e.g., Anderson v. Davila,* 125 F.3d 148 (3d Cir. 1997) (retaliation consisting of surveillance). In *Bradley v. Pittsburgh Board of Education,* 910 F.2d 1172 (3d Cir. 1990) this court upheld a claim of retaliation in the form of a ban on plaintiff-teacher's classroom activities, delay of return to work, etc. In that case, Judge Sloviter noted "an action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts." *Id* at 1177. Thus, regardless of whether the alleged harassment was sufficiently serious to trigger substantive due process concerns, it was error to dismiss the retaliation claim on the basis of the pleadings..

Since the case must be remanded to the District Court, we leave to further proceedings the final resolution of plaintiff's due process claim; we note that appellant's brief in this Court argues that her complaint could readily be amended to remedy the deficiencies perceived by the District Court. The state-law claims will also need to be addressed, unless all federal claims prove to be subject to summary dismissal.

For the foregoing reasons, the order appealed from will be affirmed in part and reversed in part, and the case remanded to the District Court for further proceedings.

TO THE CLERK OF THE COURT:

    Kindly file the foregoing Opinion.

                                             /s/ John P. Fullam
                                               District Judge