
ORIGINAL



IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEWIS,<br>    Plaintiff | : CIVIL ACTION - LAW<br>:<br>: |
| v. | : NO. CV 00-0436<br>: |
| DOMINICK DEROSE, MARK<br>JESZENKA, MICHAEL HOHNEY,<br>ROBERT DRUM, MR. SHOEMAKER<br>CARL GARVER, and<br>DAUPHIN COUNTY,<br>    Defendants | : <br>: JUDGE RAMBO<br>:<br>: MAGISTRATE JUDGE SMYSER<br>:<br>: JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
MAY 1 6 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

## I. ARGUMENT

In opposing a summary judgment motion, a non-movant may not "rest upon mere allegations, general denials or ... vague statements." Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991), Cert., Denied, 502 U. S. 940 (1991). In Schoch v. First Fidelity Bank Corp., 912 F.2d 654, 657 (3d Cir. 1990), the Court ruled that unsupported allegations in the non-movant's memorandum and pleadings are insufficient to overcome a

properly supported motion for summary judgment. According to the Supreme Court, the summary judgment procedure enables a party "who believes there is no genuine issue as to a specific fact essential to the other side's case to demand at least one sworn averment of that [specific] fact before the lengthy process of litigation continues." Liujan v. National Wildlife Federation, 497 U. S. 871, 888-89 (1990). In this case, Defendants contended that Plaintiff cannot point to any facts of record to establish a triable issue of material fact with respect to the remaining retaliation claims. Consequently, Defendants' Renewed Motion for Summary Judgment must be granted as a matter of law.

In support of their Renewed Motion for Summary Judgment, Defendants submitted a Supplemental Statement of Undisputed Material Facts in accordance with Local Rule 56.1. That Rule provides inpertinent part as follows:

> ...The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried....All material facts set forth in this

> statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Local Rule 56.1  In this case, Plaintiff failed to file a response and/or otherwise controvert Defendants' Supplemental Statement of Undisputed Material Facts. Pursuant to Local Rule 56.1, the averments of paragraphs 198 through 233 of Defendants' Supplemental Statement of Undisputed Material Facts are deemed to be admitted.

Based upon the undisputed facts of record as set forth in Defendants' Supplemental Statement of Undisputed Material Facts, Plaintiff cannot establish a cognizable claim of retaliation with respect to the payment of his back wages and reinstatement of his benefits following his return to employment in January, 2000. In paragraphs 198 through 212 of the fact statement, Defendants set forth in considerable detail the negotiations among the Warden, the Union business agent, and the Plaintiff in an effort to compute the proper amount of back wages to be provided to Mr. Lewis. In paragraphs 213 through 233 of the supplemental facts statement, Defendants set forth the chronology of

events with respect to the reinstatement of Plaintiff's benefits following his return to employment in January, 2000.

The Plaintiff has admitted that: the personnel action form was submitted by the Prison to ensure that Plaintiff was re-enrolled with the applicable benefits programs and the Warden would not be involved in that process (par. 217); the personnel and payroll department was responsible for reinstating Plaintiff's benefits (par. 216); that other than a telephone call in mid-February to check on the status of Plaintiff's re-enrollment for benefits, Warden DeRose had no other involvement in the process (par. 214, 233); and that Warden DeRose never in any way interfered with, obstructed, or delayed the processing of Mr. Lewis' re-enrollment for benefits (par. 213, 233). Moreover, Plaintiff has admitted that any delays and/or other problems which occurred were due to Mr. Lewis' frequent changes in employment status and not due to any involvement of the Warden in the benefits process. (par. 232). Based upon the foregoing undisputed facts, Plaintiff cannot establish any cognizable claim for retaliation with respect to the back pay and benefits issues. Consequently, Defendants' Renewed Motion for Summary Judgment on this claim must be granted as a matter of law.

4

In his Brief In Opposition To Defendants' Renewed Motion for Summary Judgment, Plaintiff did not address the claims of retaliation arising out of April 2, 1999 incident; the failure to take any disciplinary action against Defendant Hoheny as a result of that incident; and a comment allegedly made by Defendant Shumaker during his investigation of that incident. Since Plaintiff failed to address these issues in his responsive pleading, the Defendants contend that Plaintiff has waived any opposition on these issues. Consequently, Defendants' Renewed Motion for Summary Judgment on the three remaining claims of retaliation must be granted as a matter of law.

In this responsive pleading, Plaintiff relies on the Third Circuit's unreported opinion in Bristow v. Clevenger (Exhibit A) in support of his claims of retaliation. Plaintiff's reliance on Bristow, however, is misplaced in that this case is legally and facially distinguishable from the circumstances presented in Bristow. First of all, it is important to note that this is an unpublished decision and the Third Circuit noted thereon that the ruling did not have precedential value. Secondly, the procedural posture of Bristow is distinguishable in that the Appellate Court's decision was based upon an application of the Rule 12(b)(6) standard. In this case,

however, mere conclusory allegations in the complaint and in Plaintiff's responsive pleadings are not sufficient to overcome a properly supported motion for summary judgement. Finally, in <u>Bristow</u> Plaintiff alleged that the Defendant began harassing her within days of the settlement of her civil rights claim. In this case, Plaintiff has not, and can not, point to any facts of record to establish that he engaged in any protected speech at or about the time of the incidents complained of. Consequently, Plaintiff cannot establish the requisite temporal connection between a protected First Amendment activity and an adverse action taken by the Defendants. Consequently, Defendants are entitled to summary judgment as a matter of law on the remaining claims of retaliation.

On pages three and four of his responsive pleading, Plaintiff seems to assert that the Defendants retaliated against the Plaintiff with respect to the back pay and benefits issues in response to his filing of this lawsuit. It is important to note, however, that at no time since the filing of the original complaint, has Plaintiff moved to amend the compliant to assert a claim for interference with his right of access to the Courts pursuant to the First Amendment. It is also important to note that these issues arose on or before May 15, 2000, the date the Warden executed the settlement

6

agreement on Grievance Number 59597 and the settlement check was hand-delivered to the Union business agent. Clearly, Plaintiff is now barred by the two-year statute of limitations from amending the complaint to assert these new claims of retaliation. Consequently, Defendants' Renewed Motion for Summary Judgment must be granted as a matter of law.

## II. CONCLUSION

For the reasons advanced herein, Defendants respectfully request this Honorable Court grant their Renewed Motion for Summary Judgment and enter judgment in favor of Defendants and against the Plaintiff.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By:_____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
James D. Young
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE: 5/16/02

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 16th day of May, 2002, I served a true and correct copy of the foregoing Reply Brief in Support of Renewed Summary Judgement Motion via U.S. First Class mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA 17110

_____
Megan L. Renno