(94)
7-12-02
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEWIS,** | CIVIL NO. 1:CV-00-0436 |
| Plaintiff | |
| v. | |
| **DOMINICK DEROSE, et al.,** | |
| Defendants | |



FILED
JUL 1 2 2002
PER _____ MA
HARRISBURG, PA  DEPUTY CLERK

# MEMORANDUM

**Background**[1]

      Plaintiff, Christopher Lewis, initiated this civil action by filing a three count complaint on March 7, 2000. The case was referred to the magistrate judge for pretrial proceedings. Defendants named in the complaint are Dominick DeRose, Warden of Dauphin County Prison; Mark Jeszenka, an officer at the prison; Mike Hohney, a supervisor at the prison; Robert Drum, a correctional officer at the prison; Robert Shumaker, a detective for Dauphin County; Carl Garver, also a detective for Dauphin County; and Dauphin County, Pennsylvania.

      Plaintiff asserts in Count I of the complaint that Defendants DeRose, Jeszenka, Hohney, Shumaker and Dauphin County violated Plaintiff's First and Fourteenth Amendment rights by retaliating against him for speaking out regarding alleged abuse of inmates and other wrongdoing at Dauphin County Prison ("the prison"). Count II is a Fourth Amendment malicious prosecution claim against

---

      [1]The court adopts paragraphs 1 through 8 of Defendants' renewed motion for summary judgment.

Defendants Garver, DeRose, Drum and Jeszenka. Count III is a state law assault claim against Defendant Hohney.

On July 9, 2001, the magistrate judge issued a report in which he recommended that Defendant Hohney be granted summary judgment on the assault claim against him; that Defendants Garver, DeRose, and Jeszenka be granted summary judgment on the Fourth Amendment malicious prosecution claim; and that Defendants DeRose, Jeszenka, Hohney, Shumaker and Dauphin County be granted summary judgment on Plaintiff's retaliation claims regarding the March 1999 disciplinary report; the criminal charges stemming from the July 7, 1999 computer incident, and the February 10, 2000 disciplinary report.

In his July 9, 2001, report, the magistrate judge further recommended that Defendants DeRose, Jeszenka, Hohney, Shumaker, and Dauphin County not be granted summary judgment on Plaintiff's retaliation claims regarding the refusal to take any disciplinary action against Defendant Hohney for an incident on April 2, 1999; and incident during the investigation of the April 2, 1999 incident where Plaintiff was allegedly threatened not to complain and not to report abuse or else he would lose his job; alleged refusal to pay Plaintiff back pay and reinstate Plaintiff's medical coverage if Plaintiff was acquitted of the criminal charges; and the alleged physical threat by Defendant Hohney.

On July 23, 2001, Defendants filed objections to the portions of the report of the magistrate judge which recommended that this court deny in part Defendants' motion for summary judgment. By order dated August 24, 2001, in spite of Defendants' objections, this court adopted the report and recommendation of the magistrate judge.

2

On September 10, 2001, Defendants filed a motion for reconsideration of the August 24, 2001 order.[2] The motion for reconsideration was denied by order dated October 18, 2001.

Following a pretrial conference on February 1, 2002, this court permitted the parties to file renewed motions for summary judgment. On April 4, 2002, Defendants filed a renewed motion for summary judgment accompanied by a supplemental statement of undisputed material facts. On that same date, Plaintiff filed a revised brief on the summary dismissal of his Fourth Amendment claim.

The motions are ripe for disposition.

## Discussion

The court will consider this motion under the accepted standards for the award of summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The United States Court of Appeals for the Third Circuit has summarized those standards in a concise and helpful way:

> Summary judgment may be entered if "the pleadings, deposition[s], answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Equimark Comm. Finance Co. v. C.I.T Financial Serv. Corp.*, 812 F.2d 141,

---

[2]The motion for reconsideration of the denial of Defendants' objections to the magistrate judge's report recommending that summary judgment not be granted on the issues of Defendants' refusal to take disciplinary action against Hohney for an April 2, 1999 incident; the April 2, 1999 alleged threat against Plaintiff; the refusal to grant back pay and reinstatement of medical coverage; and the alleged physical threat by Hohney was based upon Defendants' failure to raise these issues in the original summary judgment motion. (*See* Order dated August 24, 2001.)

3

> 144 (3d Cir. 1987). If the evidence is "merely colorable" or "not significantly probative" summary judgment may be granted. *Anderson*, 106 S. Ct. at 2511; *Equimark*, 812 F.2d at 144. Where the record, taken as a whole, could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir. 1987). The parties' burdens in summary judgment may be described in the following way: Once the moving party has shown an absence of evidence to support the claims of the nonmoving party, the nonmoving party must do more than simply sit back and rest on the allegations of the complaint. She must "go beyond the pleadings and her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' and designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmovant bears the burden of persuasion at trial, "the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden at trial." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987).

Plaintiff avers in Count I that Defendants DeRose, Jeszenka, Hohney, and Shumaker violated his First and Fourteenth Amendment rights by retaliating against Plaintiff for allegedly reporting instances of misconduct and/or abuse by the prison staff. Defendants argue that these allegations pertain to the prison handling of inmate Dean Stafford.

A public employee's claim of retaliation for engaging in a protected activity is analyzed under a three-step process. A plaintiff must first demonstrate the activity in question was protected. Second, the plaintiff must show the employer

took adverse action against him, and three, that a causal link exists between the protected activity and the employer's action. *Weston v. Commonwealth of Pa.*, 251 F.2s 420, 430 (3d Cir. 2001).

It is arguable that the treatment of prisoners is a matter of public concern and that it might be protected activity. In the instant case it is not clear whether Plaintiff filed internal complaints, made a charge, testified, assisted or participated in any proceeding, or spoke publicly of the alleged abuses. For purposes of the instant claim, it will be assumed Plaintiff meets the first criteria.

The immediate question, however, is whether there is a sufficient causal connection between the protected activity and the employer's alleged action to support a claim of retaliation. Only where the temporal proximity is extraordinarily suggestive will the timing of an adverse employment decision, alone, be sufficient to raise an inference of retaliation.

Defendants argue that Plaintiff's protected activity pertained to the treatment of inmate Dean Stafford. Stafford, it appears, was transferred out of Dauphin County Prison on December 13, 1996. The crab cake incident occurred April 2, 1999. The Shumaker investigation of that incident and the prison's decision not to take action against Hohney occurred more than 2 years later. In *Williams v. Pennsylvania State Police*, 108 F. Supp.2d 460 (E.D. Pa. 2000), the court held that the passing of over a year between protected activity and an adverse employment decision "undermines plaintiff's effort to establish causation." *Id.* at 466. However, it appears from the filings that Plaintiff continued to make complaints to prison officials about inmate treatment after Stafford was transferred. It cannot be found as

a matter of law at this time that Plaintiff's speech was not a motivating factor in the alleged retaliatory action as to the above incidents.

As to Plaintiff's back pay and benefits issue, this court believes those issues were not necessarily resolved by the settlement of Grievance No. 59597. However, there is no showing of retaliatory action by Defendant DeRose on this issue. There were legitimate disputes over the proper calculation of back wages which needed to be resolved. As to the medical expenses, DeRose from the start recognized Plaintiff's entitlement to same.

In their renewed motion for summary judgment, Defendants filed a supplemental statement of undisputed material facts. This supplemental statement contains paragraphs 198 through 233, which address back wages and medical expenses. Plaintiff has not filed a response to paragraphs 198 through 233. Middle District Local Rule 56.1 provides, in pertinent part, that:

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. . . . All material facts set forth in this statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Based upon the undisputed facts of record as set forth in Defendants' supplemental statement of undisputed material facts, Plaintiff cannot establish a cognizable claim of retaliation with respect to the payment of back wages and health benefits.

The court now turns to Plaintiff's revised brief on the summary dismissal of his Fourth Amendment claim. Plaintiff's Fourth Amendment claim is found in Count II of the complaint and is filed against Defendants Garver, DeRose,

6

Drum and Jeszenka. The claim concerns the criminal charge levied against Plaintiff for misuse of a computer for which he was ultimately exonerated. Plaintiff claims this made him a victim of malicious prosecution and the charges were levied in retaliation, thus violating his First Amendment rights.

Defendants have responded with a detailed statement of facts supported by uncontradicted affidavits. The basis of Plaintiff's renewed argument is that Plaintiff's conduct did not meet the elements for a violation of 18 Pa. Cons. Stat. Ann. § 3633(a)(2), with which Plaintiff was charged.

In defense, Defendants argue that (1) there is no element of a seizure required under the Fourth Amendment; (2) there is a lack of personal involvement by Defendants DeRose and Jeszenka in the decision to file criminal charges; and (3) the Defendants have a qualified immunity defense.

In his report, the magistrate judge relied upon *Bristow v. Clevenger*, 80 F. Supp.2d 421, 430 (M.D. Pa. 2000) and *Nieves v. McSweeney*, 241 F.3d 46, 54-57 (1st Cir. 2001), and found as a matter of law that there was no "seizure" of Mr. Lewis for Fourth Amendment purposes. In his latest pleading, Plaintiff has not addressed this threshold issue and has not directed the court to any case law which is contrary to the holdings in *Bristow* and/or *Nieves*. Plaintiff admits he was not arrested. Consequently, Plaintiff's request to reconsider the summary dismissal of his Fourth Amendment claim will be denied as a matter of law.

Warden DeRose neither requested, directed, or attempted to influence the Dauphin County District Attorney's office to file criminal charges against Plaintiff. (DeRose Affid., ¶¶ 4 & 7.) DeRose had no firsthand knowledge concerning the underlying incident. (DeRose Affid., ¶ 5.)

7

Captain Jeszenka did an internal investigation concerning the deletion of files from the computer and issued and employee disciplinary report on Lewis. Jeszenka gave an interview to Detective Garver and gave testimony at a preliminary hearing. Jeszenka did not institute or influence the decision to prosecute. Plaintiff does not challenge this assertion.

Drum's involvement consisted of his statements in which he confirmed his observations of Lewis using Captain Jeszenka's computers at approximately 11:00 p.m. on July 7, 1999, deleting documents and Plaintiff making a statement to him, "You didn't see nothing." There is no evidence that Drum had any involvement in instigating the criminal action against Plaintiff.

Carl Garver is a supervisory sergeant at the Dauphin County C.I.D. The Lewis incident was referred to the Dauphin County C.I.D. by Deputy Warden Leonard Carroll. Garver then took over an investigation. Garver never met, never investigated, or had any knowledge of Lewis. (Garver Affid., ¶¶ 4, 24-25.)

In addition to statements furnished to him by prison officials, Garver interviewed witnesses, conferred with an assistant district attorney from Dauphin County and, thereafter believed he had probable cause to file charges. In *Williams v. Fedor*, 69 F. Supp.2d 649, 677-78 (M.D. Pa. 1999), *aff'd* 211 F.3d 1263 (3d Cir. 2000), the court held that officers can rely upon the district attorney's advice in pursuing a prosecution, under the objective reasonableness standard.

Furthermore, contrary to Plaintiff's belief, there were sufficient facts to support the elements of the offense. Title 18 Pa. Cons. Stat. Ann. § 3993(a)(1) & (2) defines, in pertinent part, the offense of unlawful use of a computer:

8

> 3933 Unlawful use of computer
>
> (a) Offense defined. – A person commits the offense of unlawful use of computer if he . . .
>
> > (1) accesses, exceeds authority to access, alters, damages or destroys any computer, computer system, computer network, computer software, computer programs or database or any part thereof, with the intent:
> >
> > > (I) to interrupt the normal functioning of an organization; . . . .
> >
> > (2) intentionally and without authorization, accesses, alters, interferes with the operation of, damages or destroys any computer, computer system, computer network, computer software, computer program or computer database or any part thereof . . . .

Section 3933(c) defines "access" as "to intercept, instruct, communicate with, store data in, retrieve data from or otherwise make use of any resources of a computer, computer system, computer network or database." Plaintiff claims that the deletion of Captain Jeszenka's documents from the computer does not fit the definition of unlawful use of a computer.

The undisputed facts show that Lewis was in fact in Captain Jeszenka's office, was seen deleting information from the computer; was doing so without permission, and that the deletion of said files caused disruption of the normal operations of the prison. (Jeszenka Suppl. Affid., ¶ 4.) Based on the foregoing, there were sufficient facts to meet the elements of the offense. Furthermore, the fact that Lewis was later found not guilty is irrelevant to the viability of the arrest. *Michigan v. De Fellippo*, 443 U.S. 31, 36 (1979).

**Conclusion**

Based on the foregoing, Plaintiff's renewed brief supporting his objections to the magistrate judge's recommended dismissal of the Fourth Amendment claim (Count II), inferentially the First Amendment claim of retaliation by the filing of criminal proceedings, will be rejected and the magistrate judge's recommendation will be adopted.

An appropriate order will be issued and the case will be listed for trial.

SYLVIA H. RAMBO
United States District Judge

Dated: July 12, 2002.