IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
SEP 3 0 2002

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | : | CIVIL ACTION - LAW |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. CV 00-0436 |
| | : | |
| DOMINICK DEROSE, MARK JESZENKA, MICHAEL HOHNEY, ROBERT DRUM, MR. SHOEMAKER | : | JUDGE RAMBO |
| CARL GARVER, and DAUPHIN COUNTY, | : | MAGISTRATE JUDGE SMYSER |
|     Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE

AND NOW, come the Defendants, by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., and file this Supplemental Motion in Limine and in support thereof, aver as follows:

1. Plaintiff, Christopher Lewis, initiated this civil action by filing a Complaint on or about March 7, 2000 containing three counts and seeking

compensatory and punitive damages, attorney's fees and costs, and such other relief as the court may deem appropriate.

2.   In Count I of the Complaint, Plaintiff asserted that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, violated Plaintiff's First and Fourteenth Amendment rights by retaliating against him for speaking out regarding alleged abuse of inmates and other wrongdoings at the Dauphin County Prison.  Count II is a Fourth Amendment malicious prosecution claim against Defendants Garver, DeRose, Drum and Jeszenka.  Count III is a state law assault claim against Defendant Hohney.

3.   On July 9, 2001, Magistrate Judge Smyser issued a Report recommending that Defendant Hohney be granted summary judgment on the assault claim against him; that Defendants be granted summary judgment on the Fourth Amendment malicious prosecution claim; and that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, be granted summary judgment on Plaintiff's retaliation claims regarding the March, 1999 disciplinary report for sleeping on duty; the criminal charges stemming from the July 7, 1999 computer incident; and the February 10, 2000 disciplinary report.

2

4.  In his July 9, 2001 report, Magistrate Judge Smyser further recommended that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, not be granted summary judgment on Plaintiff's retaliation claims regarding: (1) an alleged threat by Defendant Hohney during the crab cake incident; (2) the refusal to take any disciplinary action against Defendant Hohney for the April 2, 1999 incident; (3) an alleged comment by Defendant Shumaker to Plaintiff during the investigation of the April 2, 1999 incident that Lewis should not complain about or report abuse at the prison or else he would lose his job; and (4) the alleged refusal to pay the Plaintiff back pay and reinstate the Plaintiff's medical coverages after Plaintiff was acquitted of the criminal charges from the computer incident.

5.  By Order dated August 24, 2001, this Honorable Court overruled Defendants' Objections to the Magistrate Judge's Report and Recommendation. By Order dated October 18, 2001, this Honorable Court also denied Defendants' Motion for Reconsideration of the August 24, 2001 Order.

6.  By Order dated October 18, 2001, this Honorable Court granted Defendants' unopposed Motion to Bifurcate and/or Sever the Trial of the

claims made against Dauphin County from the claims made against the individual Defendants.

7. By Order dated October 18, 2001, this Honorable Court granted in part, and denied in part, Defendants' Motion in Limine to preclude and/or exclude certain testimony and/or evidence. The Court precluded Plaintiffs from presenting any testimony, evidence and/or argument regarding: (1) a prior incident of delayed retaliation against C. Laudenslager in 1996; (2) incidents involving White and/or Calhoon subsequent to Plaintiff's separation from employment with the prison; (3) conversations between Robert Drum and an Assistant District Attorney; (4) an incident involving Major Stewart; (5) the firing range incident involving Deputy Warden Carrol. The Motion was denied as to testimony, evidence and/or argument on prior incidents of force or threat of force by Defendant Hohney without prejudice to renew that motion at the time of trial.

8. Following a pretrial conference on February 1, 2002, this Honorable Court issued an Order permitting the parties to file renewed motions for summary judgment by April 4, 2002.

9. By Memorandum and Order dated July 12, 2002, this Honorable Court granted Defendants' Renewed Motion for Summary Judgment on the retaliation claim concerning back wages and medical benefits. In all other respects, Defendants' Renewed Motion for Summary Judgment was denied. Plaintiff's Motion for Reconsideration of Dismissal of the Fourth Amendment claims was also denied.

10. Pursuant to Rule 401, Federal Rules of Evidence, " 'relevant evidence' means evidence having any tendency to make the existence of any factors of consequence to the determination of the act more probable or less probable than it would be without the evidence."

11. Pursuant to Rule 402, Federal Rules of Evidence, "all relevant evidence is admissible, except. . . evidence which is not relevant is not admissible."

12. Rule 403, Federal Rules of Evidence, provides in pertinent part that: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ."

13. Rule 404(b), Federal Rules of Evidence, provides in pertinent part that: "evidence of other crimes, wrongs or acts is not admissible to

prove the character of a person in order to show action in conformity therewith...."

14.  Plaintiff may attempt to present testimony, evidence, argument and/or opening statement with respect to the claims which have been dismissed from this action, including the Fourth Amendment malicious prosecution claim; the retaliation claim regarding the March, 1999 disciplinary report (sleeping on duty); the retaliation claim arising out of the criminal charges stemming from the July 7, 1999 computer incident; and/or the February 10, 2000 disciplinary report.

15.  Any and all testimony, documentary evidence, argument and/or opening statement concerning the Fourth Amendment and retaliation claims which have been dismissed from this civil action are not legally and/or logically relevant to any claim or defense in this litigation and must be precluded as a matter of law.

16.  Even if it is judicially determined that the testimony, documentary evidence and/or argument pertaining to the dismissed claims is deemed to be relevant, which is specifically denied, then the probative value of that evidence is substantially outweighed by the unfair

prejudice to Defendants' substantive rights and the risks that it would mislead and/or confuse the jury.

17. Plaintiff may attempt to introduce testimony, documentary evidence, argument and/or opening statement concerning reports of mistreatment of inmates which occurred more than one year prior to the crab cake incident and/or the decision not to take any disciplinary action against Defendant Hohney as a result of that incident.

18. Any and all testimony, documentary evidence, argument and/or opening statement concerning reports of alleged mistreatment of inmates of the Dauphin County Prison which occurred more than one year prior to the April 2, 1999 crab cake incident and the April 29, 1999 decision not to take any disciplinary action against Defendant Hohney is too remote in time to establish an inference of retaliation and as such, is not legally and/or logically relevant to any claim or defense in this litigation and must be precluded as a matter of law.

19. Even if it is judicially determined that the testimony, documentary evidence, argument and/or opening statement concerning Plaintiff's alleged reports of mistreatment of inmates at the Dauphin County Prison occurring more than one year prior to the April 2, 1999 crab

cake incident and/or the April 29, 1999 decision not to take any disciplinary action against Defendant Hohney are deemed to be relevant, which is specifically denied, then the probative value of that evidence is substantially outweighed by the unfair prejudice to Defendants' substantive rights and the risk that such testimony and/or evidence would mislead and/or confuse the jury.

20.   Plaintiff may attempt to introduce testimony, documentary evidence, argument and/or opening statement concerning reports of mistreatment of inmates at the Dauphin County Prison which occurred after the April 2, 1999 crab cake incident and/or the April 29, 1999 decision not to take any disciplinary action against Defendant Hohney as a result of that incident.

21.   Any and all testimony, documentary evidence, argument and/or opening statement concerning subsequent incidents of reports of alleged mistreatment of inmates at the Dauphin County Prison is not legally and/or logically relevant to any claim or defense in this litigation and must be precluded as a matter of law.

22.   Even if it is judicially determined that the testimony, documentary evidence, argument and/or opening statement pertaining to

subsequent incidents of alleged mistreatment of inmates at the Dauphin County Prison is deemed to be relevant, which is specifically denied, then the probative value of that evidence is substantially outweighed by the unfair prejudice to Defendants' substantive rights and the risk that such testimony, evidence, argument and/or opening statement would mislead and/or confuse the jury.

23. Plaintiff may attempt to introduce testimony, documentary evidence, argument and/or opening statement concerning incidents of alleged mistreatment of inmates at the Dauphin County Prison for which Plaintiff did not make any complaints and/or reports to prison officials.

24. Any and all testimony, documentary evidence, argument and/or opening statement concerning incidents of alleged mistreatment of inmates at Dauphin County Prison which were not reported by the Plaintiff are not legally and/or logically relevant to his retaliation claims and must be precluded as a matter of law.

25. Even if it is judicially determined that the testimony and/or documentary evidence pertaining to incidents of alleged mistreatment of inmates at the Dauphin County Prison which were not reported by Plaintiff

to prison officials is relevant, which is specifically denied, then the probative value of that evidence is substantially outweighed by the unfair prejudice to Defendants' substantive rights and the risk that such testimony, evidence, argument and/or opening statement would mislead and/or confuse the jury.

26. In the further alternative, pursuant to Rule 404(b), Federal Rules of Evidence, Plaintiff is precluded from introducing any testimony, evidence, argument and/or opening statement concerning prior incidents of force or threat of force by Defendant Hohney to establish that Hohney acted in conformity therewith during the April 2, 1999 crab cake incident.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Supplemental Motion in Limine and enter the accompanying Court Order.

Respectfully submitted,

Lavery, Faherty, Young &
Patterson, P.C.

By: _____
    Frank J. Lavery, Jr., Esquire
    Atty No. 42370
    James D. Young, Esquire
    Atty No. 53904
    225 Market Street, Suite 304
    P.O. Box 1245
    Harrisburg, PA 17108-1245
    Attys for Defendants

DATE: 9/30/02

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEWIS, | : CIVIL ACTION - LAW |
| Plaintiff | : |
| | : |
| v. | : NO. CV 00-0436 |
| | : |
| DOMINICK DEROSE, MARK | : |
| JESZENKA, MICHAEL HOHNEY, | : JUDGE RAMBO |
| ROBERT DRUM, MR. SHOEMAKER | : |
| CARL GARVER, and | : MAGISTRATE JUDGE SMYSER |
| DAUPHIN COUNTY, | : |
| Defendants | : JURY TRIAL DEMANDED |

## CERTIFICATE OF NONCONCURRENCE

I, James D. Young, Esquire, do hereby certify that I attempted to contact Samuel C. Stretton, Esquire (Plaintiff's trial counsel) to obtain his concurrence/nonconcurrence in the attached Supplemental Motion in Limine, but Attorney Stretton was not available. I will assume, however, that Plaintiff does not concur in Defendants' Supplemental Motion in Limine.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date: 9/30/2002

By: _____
James D. Young, Esquire
Attorney I.D. 53904
P. O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Defendants

2

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of September, 2002, I served a true and correct copy of the foregoing **Defendants' Supplemental Motion in Limine** via U.S. First Class Mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA  17110

Samuel C. Stretton, Esquire
301 S. High Street
P.O. Box 3231
West Chester, PA 19381-3231

_____
Megan L. Renno