IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| v. | : | NO. CV 00-0436 |
| | : | |
| DOMINICK DEROSE, MARK | : | |
| JESZENKA, MICHAEL HOHNEY, | : | JUDGE RAMBO |
| ROBERT DRUM, MR. SHOEMAKER | : | |
| CARL GARVER, and | : | MAGISTRATE JUDGE SMYSER |
| DAUPHIN COUNTY, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANTS'
SUPPLEMENTAL MOTION IN LIMINE**

Frank J. Lavery, Jr., Esquire
Atty No. 42370
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Plaintiff, Christopher Lewis, initiated this civil action by filing a Complaint on or about March 7, 2000 containing three counts and seeking compensatory and punitive damages, attorney's fees and costs, and such other relief as the court may deem appropriate. In Count I of the Complaint, Plaintiff asserted that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, violated Plaintiff's First and Fourteenth Amendment rights by retaliating against him for speaking out regarding alleged abuse of inmates and other wrongdoings at the Dauphin County Prison. Count II is a Fourth Amendment malicious prosecution claim against Defendants Garver, DeRose, Drum and Jeszenka. Count III is a state law assault claim against Defendant Hohney.

On July 9, 2001, Magistrate Judge Smyser issued a Report recommending that Defendant Hohney be granted summary judgment on the assault claim against him; that Defendants be granted summary judgment on the Fourth Amendment malicious prosecution claim; and that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County,

be granted summary judgment on Plaintiff's retaliation claims regarding the March, 1999 disciplinary report for sleeping on duty; the criminal charges stemming from the July 7, 1999 computer incident; and the February 10, 2000 disciplinary report. In his July 9, 2001 report, Magistrate Judge Smyser further recommended that Defendants, DeRose, Jeszenka, Hohney, Shumaker and Dauphin County, not be granted summary judgment on Plaintiff's retaliation claims regarding: (1) an alleged threat by Defendant Hohney during the crab cake incident; (2) the refusal to take any disciplinary action against Defendant Hohney for the April 2, 1999 incident; (3) an alleged comment by Defendant Shumaker to Plaintiff during the investigation of the April 2, 1999 incident that Lewis should not complain about or report abuse at the prison or else he would lose his job; and (4) the alleged refusal to pay the Plaintiff back pay and reinstate the Plaintiff's medical coverages after Plaintiff was acquitted of the criminal charges from the computer incident.

By Order dated August 24, 2001, this Honorable Court overruled Defendants' Objections to the Magistrate Judge's Report and Recommendation. By Order dated October 18, 2001, this Honorable Court

also denied Defendants' Motion for Reconsideration of the August 24, 2001 Order.

By Order dated October 18, 2001, this Honorable Court granted Defendants' unopposed Motion to Bifurcate and/or Sever the Trial of the claims made against Dauphin County from the claims made against the individual Defendants.  By Order dated October 18, 2001, this Honorable Court granted in part, and denied in part, Defendants' Motion in Limine to preclude and/or exclude certain testimony and/or evidence.  The Court precluded Plaintiff from presenting any testimony, evidence and/or argument regarding:  (1) a prior incident of delayed retaliation against C. Laudenslager in 1996; (2) incidents involving White and/or Calhoon subsequent to Plaintiff's separation from employment with the prison; (3) conversations between Robert Drum and an Assistant District Attorney; (4) an incident involving Major Stewart; (5) the firing range incident involving Deputy Warden Carrol.  The Motion was denied as to testimony, evidence and/or argument on prior incidents of force or threat of force by Defendant Hohney without prejudice to renew that motion at the time of trial.

Following a pretrial conference on February 1, 2002, this Honorable Court issued an Order permitting the parties to file renewed motions for

summary judgment by April 4, 2002. By Memorandum and Order dated July 12, 2002, this Honorable Court granted Defendants' Renewed Motion for Summary Judgment on the retaliation claim concerning back wages and medical benefits. In all other respects, Defendants' Renewed Motion for Summary Judgment was denied. Plaintiff's Motion for Reconsideration of Dismissal of the Fourth Amendment claims was also denied.

Defendants have filed a Supplemental Motion in Limine seeking to preclude Plaintiff from presenting any testimony, documentary evidence, argument and/or opening statement pertaining to: (1) the Fourth Amendment/malicious prosecution and retaliation claims which have been dismissed via summary judgment; (2) reports of alleged mistreatment of inmates at the Dauphin County Prison occurring prior to April, 1998 (one year prior to the crab cake incident); (3) reports of alleged mistreatment of inmates at the Dauphin County Prison occurring after the crab cake incident and/or the decision not to take any disciplinary action against Defendant Hohney for that incident; and (4) any instances of alleged mistreatment of inmates at the Dauphin County Prison which were not reported by the Plaintiff. Defendants contend that the targeted testimony, evidence, argument and/or opening statement is not legally

and/or logically relevant to any claim or defense in this litigation and must be precluded as a matter of law. In the alternative, Defendants argue that the probative value of said testimony, evidence, argument and/or opening statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. In the further alternative, Defendants maintain that Rule 404(b), Federal Rules of Evidence, precludes Plaintiff from introducing testimony, documentary evidence, argument and/or opening statements regarding prior incidents involving the use of force or the threat of use of force by Defendant Hohney to show that he acted in conformity therewith during the April 2, 1999 crab cake incident.

II.  **QUESTIONS PRESENTED:**

    A.    WHETHER DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE MUST BE GRANTED AS A MATTER OF LAW BECAUSE THE TARGETED TESTIMONY, EVIDENCE, ARGUMENT AND/OR OPENING STATEMENT IS NOT LEGALLY AND/OR LOGICALLY RELEVANT TO ANY CLAIM OR DEFENSE IN THIS LITIGATION?

    B.    IN THE ALTERNATIVE, WHETHER DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE MUST BE GRANTED AS A MATTER OF LAW BECAUSE THE PROBATIVE VALUE, IF ANY, OF THE TARGETED TESTIMONY, EVIDENCE, ARGUMENT AND/OR OPENING STATEMENT IS SUBSTANTIALLY

OUTWEIGHED BY THE RISK OF PREJUDICE TO DEFENDANTS' SUBSTANTIVE RIGHTS, CONFUSION OF THE ISSUES AND/OR MISLEADING THE JURY?

III. <u>ARGUMENT</u>:

    A. DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE MUST BE GRANTED AS A MATTER OF LAW BECAUSE THE TARGETED TESTIMONY, EVIDENCE, ARGUMENT AND/OR OPENING STATEMENT IS NOT LEGALLY AND/OR LOGICALLY RELEVANT TO ANY CLAIM OR DEFENSE IN THIS LITIGATION AND MUST BE PRECLUDED AS A MATTER OF LAW.

Under Fed. R. Evid. 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Fed. R. Evid. 402 mandates that "evidence which is not relevant is not admissible". Under federal law, the admission of evidence is committed to the sound discretion of the district court. <u>Carter v. Hewitt</u>, 617 F.2d 961 (3d Cir. 1980). The Third Circuit has also noted that, "for evidence to be relevant, there must be some logical relationship between the proffered evidence and plaintiff's theory of the case." <u>Gumbs v. International Harvester, Inc.</u>, 718 F.2d 88 (3d Cir. 1983),

see also, U.S. v. DePerri, 778 F.2d 963, 973 (3d Cir. 1985), cert. denied, 472 U.S. 1019 (1986).

1. **The claims dismissed via summary judgment.**

In ruling upon Defendants' Motion for Summary Judgment and Renewed Motion for Summary Judgment, this Honorable Court has dismissed Plaintiff's Fourth Amendment/malicious prosecution claim, as well as the claims of retaliation arising out of: the March, 1999 disciplinary report for sleeping on duty; the criminal charges stemming from the July 7, 1999 computer incident; and the February 10, 2000 disciplinary reports. Based upon the court's ruling upon the dispositive motions, only three discreet claims of retaliation survive for trial. Plaintiff's theory of the case is that the alleged physical threat by Defendant Hohney during the crab cake incident, the alleged comment by Defendant Shumaker during the investigation of that incident, and the Defendants' refusal to take any disciplinary action against Defendant Hohney for the crab cake incident were all in retaliation for Plaintiff's alleged reports to prison officials of mistreatment of inmates at the Dauphin County Prison. Pursuant to the Third Circuit's holding in Gumbs, supra, there is no logical relationship between the proffered testimony, evidence, argument and/or opening

statement on dismissed claims and Plaintiff's theory of the case. Therefore, any such testimony, evidence, argument and/or opening statement is not relevant and Rule 402, Federal Rules of Evidence mandates that "evidence which is not relevant is not admissible". Consequently, any and all testimony, evidence, argument and/or opening statement regarding the dismissed claims must be precluded as a matter of law.

2.   **Reports of inmate abuse prior to April, 1998.**

A public employee's claim of retaliation for engaging in a protected activity is analyzed under a three-step process. A plaintiff must first demonstrate that the activity in question was protected. Second, the plaintiff must show the employer took adverse action against him, and, three, that a causal link exists between the protected activity and the employer's action. Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001). In Williams v. Pennsylvania State Police, 108 F. Supp. 2d, 460, 466 (E.D. Pa. 2000), the court held that the passing of over a year between protected activity and an adverse employment decision "undermines plaintiff's effort to establish causation." See also, Krouse v. American Sterilizer Co., 1127 F.3d 494, 503 (3d Cir. 1997) (Nineteen month delay was "too attenuated" to establish causation).

8

Based upon witnesses and/or exhibits listed in Plaintiff's Pretrial Memorandum, Defendants anticipate that Plaintiff may attempt to introduce testimony, evidence, argument and/or opening statement concerning alleged reports of alleged mistreatment of inmates at the Dauphin County Prison occurring a number of years prior to the April, 1999 crab cake incident. For instance, Plaintiff claims retaliation for alleged protected activity pertaining to the treatment of inmate Deon Stafford. It is undisputed in this case that inmate Stafford was transferred out of the Dauphin County Prison on December 13, 1996. The crab cake incident occurred on April 2, 1999 and the Shumaker investigation of that incident and the prison's decision not to take action against Defendant Hohney occurred more than two years after Stafford's transfer. Clearly, under Williams, supra, any complaints concerning inmate Stafford are too remote in time to establish a causal link between the protected activity and the employer's action. Similarly, to the extent that Plaintiff intends to introduce testimony, evidence, argument and/or opening statement of alleged reports of alleged mistreatment of inmates which occurred prior to the incidents involving inmate Stafford, those incidents are also too remote in time to be relevant to Plaintiff's remaining claims of retaliation.

9

In denying in part Defendants' Renewed Motion for Summary Judgment, this Honorable Court noted that "it appears from the filings that Plaintiff continued to make complaints to prison officials about inmate treatment after Stafford was transferred." Memorandum Opinion, p. 5 (July 12, 2002). Pursuant to the holding in <u>Williams</u>, Defendants contend that any alleged reports by Plaintiff of alleged mistreatment of inmates at the Dauphin County Prison that occurred prior to April, 1998, are too remote in time to establish the requisite causal link between protected activity and an adverse action. Consequently, Plaintiff must be precluded from presenting any testimony, documentary evidence, oral argument and/or opening statement pertaining to alleged reports by Plaintiff of inmate abuse which occurred prior to April, 1998 (one year prior to the events giving rise to the remaining claims of retaliation).

3.  **Subsequent reports of alleged mistreatment of inmates.**

Defendants also seek to preclude Plaintiff from presenting any testimony, documentary evidence, argument and/or opening statement concerning any alleged reports of mistreatment of inmates occurring after the crab cake incident and/or the investigation into that incident. As noted above, Plaintiff's theory of the case is that Hohney's actions on the April 2,

1999 incident, Shumaker's comments while investigating that incident, and the Defendants' decision not to discipline Hohney were in retaliation for Plaintiff's alleged reports of inmate mistreatment. It is impossible for events which occurred after April, 1999, to have been a substantial, motivating factor for the Defendants' actions with respect to the April, 1999 crab cake incident. Clearly, the subsequent complaints of alleged inmate mistreatment, if any, are not legally and/or logically relevant to the remaining claims of retaliation and must be excluded as a matter of law.

4.   **Unreported misconduct.**

Defendants anticipate that Plaintiff may attempt to introduce testimony, documentary evidence, argument and/or opening statements pertaining to alleged instances of mistreatment of inmates which were not reported by Plaintiff to prison officials. As noted above, the first element of a First Amendment retaliation claim is that the public employee engaged in protected activity. See, Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001). Plaintiff cannot convert his three discreet claims of retaliation into a suit involving the conditions at the Dauphin County Prison in general. If Plaintiff did not allegedly report the supposed mistreatment of inmates, then, as a matter of law, then it cannot form the

basis of a First Amendment/retaliation claim. Clearly, unreported instances of misconduct within the prison are not relevant to the Plaintiff's remaining claims of retaliation and must be precluded as a matter of law.

Rule 404(b) provides an alternative basis for precluding alleged instances of threats and/or the use of force by Defendant Hohney, which were not reported to prison authorities and/or were remote in time from the crab cake incident. Rule 404(b) applies to civil as well as criminal cases. Huddleston v. United States, 485 U. S. 681, 685 (1988); Orjias v. Stevenson, 31 F.3d 995, 1000 (10th Cir. 1994). Plaintiff can not use the alleged prior incidents of alleged threats by Defendant Hohney to establish that he was acting in conformity therewith during the crab cake incident. Moreover, these alleged unreported incidents of threats are not relevant to the retaliation claims and are not offered for any proper purpose. Consequently, any such testimony, evidence and/or argument must be excluded as a matter of law.

  B. IN THE ALTERNATIVE, THE TARGETED TESTIMONY, DOCUMENTARY EVIDENCE, ARGUMENT AND/OR OPENING STATEMENTS MUST BE PRECLUDED PURSUANT TO RULE 403.

Fed. R. Evid. 403 states that evidence, even if relevant, may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury". Thus, evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which may distract the jury from the main issues. United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980); see also, Spain v. Gallegos, 26 F.3d 439 (3d Cir. 1994) in determining the probative value of evidence under Rule 403, "we must consider not only the extent to which the intent to demonstrate the proposition for which it has been admitted to prove, but also the extent to which the proposition was directly at issue in this case." United States v. Herman, 589 F.2d 1191, 1198 (3d Cir. 1978), cert. denied, 441 U.S. 913 (1979).

Even if it is judicially determined that the testimony, documentary evidence, argument and/or opening statement on the four areas enumerated in Section III.A above, are deemed to be relevant, which is specifically denied, then the probative value of that testimony and/or documentary evidence is substantially outweighed by the unfair prejudice to Defendants' substantive rights and/or the risk that it would mislead and/or confuse the jury. Clearly, the targeted areas of testimony, evidence

and/or argument would lead to litigation of collateral issues and create a substantial risk of misleading and/or confusing the jury as to the issues to be resolved in this litigation. Moreover, because the jury could, long before any curative instructions from the court, become irrevocably hardened in their view against Defendants, if they would hear such evidence, testimony and/or argument on the four areas enumerated above, that testimony and/or evidence must be excluded pursuant to Rule 403.

IV.   **CONCLUSION:**

For the reasons advanced herein, Defendants respectfully request that this Honorable Court grant their Supplemental Motion in Limine and preclude Plaintiff from presenting any testimony, documentary evidence, argument and/or opening statement pertaining to: (1) the Fourth Amendment/malicious prosecution claim and the retaliation claims dismissed via the Summary Judgment Motions; (2) alleged reports of mistreatment of inmates occurring prior to April, 1998; (3) reports of alleged mistreatment of inmates occurring after April 29, 1999; and (4) any instances of mistreatment of inmates which was not allegedly reported by the Plaintiff.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE: 9/30/02

15

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of September, 2002, I served a true and correct copy of the foregoing **Brief in Support of Defendants' Supplemental Motion in Limine** via U.S. First Class Mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA  17110

Samuel C. Stretton, Esquire
301 S. High Street
P.O. Box 3231
West Chester, PA 19381-3231

Megan L. Renno