

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEWIS,** | CIVIL ACTION NO. 1:CV-00-0436 |
| Plaintiff | |
| v. | |
| **DOMINICK DEROSE,** *et al.*, | FILED<br>HARRISBURG, PA |
| Defendants | OCT 4 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____ |

### O R D E R

On October 3, 2002, the court held a pretrial conference in the captioned matter. In accordance with the matters discussed during that meeting, **IT IS HEREBY ORDERED THAT**:

(1) Jury selection will take place at 1:30 p.m. on Thursday October, 17, 2002.[1] Once the jury has been selected, trial will begin immediately.

(2) By October 15, 2002, Plaintiff shall submit a brief detailing complaints that he made regarding prisoner treatment which occurred during the period between April 2, 1998 and April 2, 1999. The court will not allow Plaintiff to introduce evidence of complaints that he made prior to April 2, 1998. *See Williams v. Pennsylvania State Police*, 108 F. Supp.2d 460, 466-67, 470-71 (E.D. Pa. 2000) (holding that a delay of over one year between exercise of First Amendment rights and adverse employment action was insufficient to establish a causal connection for purposes of establishing liability for retaliation).

---

[1] The court rescheduled jury selection to occur at 1:30 p.m. in order to accommodate Mr. Stretton who indicated that he had a conflict that would prevent him from attending jury selection in the morning.

(3) Plaintiff is precluded from presenting any testimony and/or evidence, other than the April 2, 1999 "crab cake" incident, in which Defendant Hohney used force or threatened any individual. Plaintiff is likewise precluded from presenting evidence regarding whether Dauphin County retaliated against any other prison employee for engaging in activities protected by the First Amendment. Plaintiff is also precluded from presenting any evidence of prisoner beatings which were not reported to prison officials. Plaintiff is also precluded from presenting evidence and/or testimony regarding claims that have been dismissed from this matter or on which the court has issued summary judgment. Finally, Plaintiff is precluded from presenting any evidence and/or testimony regarding retaliation against other prison employees that occurred after Plaintiff's termination.

(3) By October 15, 2002, Plaintiff shall submit his proposed *voire dire* questions.

SYLVIA H. RAMBO
United States District Judge

Dated: October 4, 2002.